IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIELLY MARTINEZ-LUGO<br>individually, and as representative of the<br>Estate of Luis Andrades-Díaz; and as<br>representative of their minor children: LUIS<br>E. ANDRADES-MARTINEZ, KEVIN NOEL<br>ANDRADES-MARTINEZ, and ANGEL<br>GABRIEL ANDRADES-MARTINEZ<br>Plaintiffs<br><br>vs<br><br>MIGUEL A. PEREIRA<br>Administrator, THE PUERTO RICO<br>DEPARTMENT OF CORRECTIONS<br>JOHN DOE NOS. 1-5<br>all in their personal and individual capacities<br><br>Defendants | CIVIL 05-1282CCC |

**O R D E R**

This is a civil rights action brought under 42 U.S.C. §1983 where plaintiffs, the wife and three children of a prisoner allegedly murdered by other inmates in one of Puerto Rico's correctional institutions, seek compensatory and punitive damages to redress the alleged violation of the decedent's Eighth and Fourteenth Amendment rights. Named as defendants in the complaint were the Puerto Rico Department of Corrections (Department), its administrator Miguel Pereira, and several unidentified defendants, although only the Department remains in the case.[1] Before the Court now is the Special Appearance of the Correction Department Requesting Dismissal Pursuant Rule 12(b)(5) and 12(b)(6) Fed.R.Civ.P. filed on June 21, 2006 (**docket entry 21**), which remains unopposed by plaintiffs, and the Department's Motion to Adjudicate Unopposed Motion to Dismiss and Request for Judgment Dismissing the Case in Its Entirety filed on August 2, 2006 (**docket entry 26**), which is also unopposed.

---

[1] Partial judgments dismissing the action against the unidentified defendants and Miguel Pereira were entered on May 19, 2006 (docket entry 17) and July 11, 2006 (docket entry 25), respectively.

CIVIL 05-1282CCC                               2

The Department's Special Appearance seeks dismissal of the action against it for plaintiffs' failure to serve summons within the 120-day period allotted by Fed.R.Civ.P. 4(m) and for being immune under the Eleventh Amendment. The Motion to Adjudicate only seeks that the previous unopposed motion be summarily granted.

The complaint in this case was filed on March 11, 2005 (docket entry 1) and pursuant to Fed.R.Civ.P. 4(m) service of summons on the Department had to be made by July 11, 2005. The record does not show that the Department was served within that period, nor have plaintiffs so demonstrated. Neither have plaintiffs showed good cause for their failure to serve and requested that the period be extended. Given these circumstances, dismissal without prejudice of the action against the Department is required by Rule 4(m).

On the other hand, it is well established that the principles of the Eleventh Amendment are fully applicable to the Commonwealth of Puerto Rico, see In re San Juan Dupont Plaza Hotel Fire Litigation, 888 F.2d 940, 942 (1st Cir.1989), and that the Eleventh Amendment immunity extends to any entity that is an "arm of the state." Id. It has been repeatedly held that the Department is an arm of the Commonwealth cloaked in its Eleventh Amendment immunity. See Padilla-Cintrón v. Roselló-González, 247 F.Supp.2d 48 (D.P.R.2003), and Jusino Mercado v. Com. of Puerto Rico, 101 F.Supp.2d 57 (D.P.R.1999). Thus, the Eleventh Amendment bars an action against the Department unless it has agreed to be sued. Id. However, the Commonwealth and its dependencies have not consented to be sued in federal court. See 32 L.P.R.A. §3077.

While Congress has the power to abrogate the Eleventh Amendment's immunity, see Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996), the Supreme Court has held that it did not do so when it adopted §1983. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139 (1979). Thus, as the Department's Eleventh

CIVIL 05-1282CCC                                    3

Amendment immunity is coextensive with that of the Commonwealth, and neither has the Commonwealth waived its immunity nor Congress abrogated it, the Eleventh Amendment bars this action as to the Department.

Accordingly, the Department's Special Appearance Requesting Dismissal (**docket entry 21**) is GRANTED and its Motion to Adjudicate Unopposed Motion to Dismiss and Request for Judgment (**docket entry 26**) is NOTED.  Judgment will be entered DISMISSING this action against the Puerto Rico Department of Corrections.

SO ORDERED.

At San Juan, Puerto Rico, on August 18, 2006.

                              S/CARMEN CONSUELO CEREZO
                              United States District Judge